UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENESCO, LLC, an Illinois limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>AWEBABE LLC, a Virginia limited liability company, LES BEBE LLC, a Virginia limited liability company, and DESMOND SMITH, an individual,<br><br>Defendants. | Civil Action No.: 17-cv-10030<br><br>**COMPLAINT** |

Plaintiff Enesco, LLC ("Plaintiff" or "Enesco"), through its undersigned counsel, complains and alleges against defendants Awebabe LLC ("Awebabe"), Les Bebe LLC ("Les Bebe"), and Desmond Smith ("Smith") (collectively, "Defendants") as follows:

## INTRODUCTION

1.  For more than a century, Plaintiff's Gund, division, has been the preeminent manufacturer and retailer of plush toys in the United States. Beloved by children and parents alike, Gund's stuffed plush toys are recognized as the industry standard.

2.  Among Gund's most popular products is its Animated Flappy plush elephant product ("Flappy the Elephant"), a seated plush elephant that is covered in plush gray fabric, with oversized, flapping ears protruding from the side of its head. Flappy the Elephant also incorporates a mechanism that articulates the ears, causing them to flutter over the toy's face and eyes, engaging the child in a game of peek-a-boo. The mechanism also includes a voice function; pressing the button labeled "*Sing!*" and accompanied by a musical note on the right foot plays a high-pitched voice singing "Do Your Ears Hang Low?", while pressing the button

labeled "*Play*" and punctuated by a spiral design on the right foot plays the same voice speaking a series of messages, including, for instance, the phrase "*Hi baby, peek-a-boo is the most fun with you!*" A screenshot of Flappy the Elephant on Gund's website is attached as Exhibit A.

3. Sold online and in stores by Enesco directly and by leading retailers, Enesco's Flappy the Elephant has earned substantial sales success, and has become a much-loved toy for countless children.  As a result, the Flappy the Elephant has come to be recognized by the trade and members of the public alike as a unique symbol of the Plaintiff.

4. Additionally, in December 2016, Plaintiff secured a United States Copyright No. Va-2-025-106 (the "Flappy Copyright") that covers the unique design of Flappy the Elephant toy.  A true and correct copy of the Flappy Copyright is attached as Exhibit B.

5. After Plaintiff obtained copyright protection for and began marketing Flappy the Elephant to consumers, the Defendants, who have no affiliation with Plaintiff, collectively manufactured, imported, distributed, marketed, promoted, sold, and/or offered for sale a plush elephant toy with articulating ears shown in Exhibit C (the "Infringing Product"). Moreover, the Infringing Product incorporates a voice function that plays the same phrases in a virtually identical voice.

6. The Infringing Products violate Plaintiff's exclusive copyrights in Flappy the Elephant. Accordingly, this is an action for copyright infringement in violation of 17 U.S.C. § 101, et seq.

7. In this Complaint, Enesco seeks injunctive relief and damages arising from Defendants' deliberate infringement of Plaintiff's rights.

8. Defendants' conduct has irreparably harmed Enesco, and, unless enjoined, will continue to injure both Enesco and the public.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 as it arises under the copyright laws of the United States.

10. This Court has personal jurisdiction over Defendants, because, on information and belief, Defendants sold, offered for sale, distributed, and/or shipped the Infringing Products to retailers and consumers throughout the United States and in this judicial district.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and (c)(3).

## THE PARTIES

12. Enesco is a limited liability company organized under the laws of the State of Delaware, with a principal place of business of 225 Windsor Drive, Itasca, Illinois 60143.

13. For more than a century, Gund, a Division of Enesco ("Gund"), has been a famous, industry-leading producer, designer, and marketer of plush toys, blankets, and accessories. Gund's products are displayed, promoted, sold, and offered for sale in this judicial district, throughout the United States, and around the world.

14. Gund's principal place of business is located at One Runyons Lane, Edison, New Jersey 08817.

15. On information and belief, defendant Awebabe is a limited company organized under the laws of Virginia, with a principal place of business at 102 Brijidan Lane, Colonial Heights, Virginia 23834.

16. On information and belief, defendant Awebabe maintains an interactive website at the domain name <www.awebabe.com>, which is accessible in this juridical district and

throughout the world, and through which Awebabe displays, promotes, markets, advertises, and sells products direct to consumers.

17. On information and belief, defendant Awebabe has promoted, advertised, marketed, sold, offered for sale, and/or shipped Infringing Products to consumers in this judicial district.

18. On information and belief, defendant Les Bebe is a limited company organized under the laws of Virginia, with a principal place of business at 102 Brijidan Lane, Colonial Heights, Virginia 23834.

19. On information and belief, defendant Les Bebe maintains an interactive website at the domain name <www.lesbebe.com>, which is accessible in this juridical district and throughout the world, and through which Les Bebe displays, promotes, markets, advertises, and sells products direct to consumers.

20. On information and belief, defendant Desmond Smith is the owner of Awebabe and Les Bebe and resides at 102 Brijidan Lane, Colonial Heights, Virginia 23834. Screenshots of the corporate information for Awebabe and Les Bebe from the Virginia State Corporation Commission is attached as <u>Exhibit D</u>.

21. On information and belief, defendant Desmond Smith, as the owner of the Awebabe and Les Bebe, was the sole decision maker in electing to sell the Infringing Product, which included sourcing the Infringing Product from various third parties, including Aliexpress.com.

22. On information and belief, defendant Desmond Smith is the registrant of www.awebabe.com and www.lesbebe.com, which were the websites where Smith sold the

Infringing Products.  A copy of the domain name information for www.awebabe.com and www.lesbebe.com is attached as Exhibit E.

**FACTUAL BACKGROUND**

23. For more than a century, Plaintiff's Gund division has created innovative, high quality, and beloved plush products.

24. Among the products designed and marketed by Plaintiff is its Flappy the Elephant, a seated plush elephant that is covered in plush gray fabric, with oversized, flapping ears protruding from the side of its head.

25. Flappy the Elephant incorporates a mechanism that articulates the ears, causing them to flutter over the toy's face and eyes, engaging the child in a game of peek-a-boo. Additionally, the mechanism also includes a voice function; pressing the button labeled "*Sing!*" and accompanied by a musical note on the right foot plays a high-pitched voice singing "Do Your Ears Hang Low?", while pressing the button labeled "*Play*" and punctuated by a spiral design on the right foot plays the same voice speaking a series of messages, including, for instance, the phrase "*Hi baby, peek-a-boo is the most fun with you!*"

26. Plaintiff's Flappy the Elephant has garnered substantial sales success and popular acclaim. By way of example, the Flappy the Elephant was a Tillywig Award Winner 2016 for "Top Fun."  Tillywig provides retail buyers, news media, parents, and consumers with product information and reviews of superior children's products available in today's marketplace.  In addition, Flappy the Elephant was a winner of a 2016 National Parenting Product Awards.

27. On December 21, 2016, the United States Copyright Office duly and lawfully issued to Plaintiff, Copyright Registration No. VA 2-025-106, entitled "Animated Flappy the

Elephant." See Exhibit B.

28. On information and belief, long after Plaintiff's introduction of its Flappy the Elephant, Defendants subsequently began to promote, advertise, market, sell, offer for sale, and ship Infringing Products to consumers in this judicial district.

29. On information and belief, Awebabe sold the Infringing Products through its website accessible at awebabe.com. A screenshot from Awebabe's website promoting and offering the Infringing Product is attached as Exhibit F. Additionally, Awebabe sold the Infringing Products on its website at the following URLs:

- https://www.awebabe.com/products/limited-addition-peek-a-boo-pal

- https://www.awebabe.com/products/limited-edition-peek-a-boo-christmas-elephant

- https://www.awebabe.com/products/peek-a-boo-pal-pink

- https://www.awebabe.com/products/limited-edition-peek-a-boo-pal

30. Awebabe marketed the Infringing Product under the product name "Peek-A-Boo Pal". In addition, a video embedded on awebabe.com reveals that when activated by pressing on the "play button," the Infringing Toy's ears flap down over its eyes in precisely the same manner as the Flappy the Elephant. The video further confirms that the voice track—complete with a rendition of "Do Your Ears Hang Low?"—is identical to the Flappy the Elephant's as well.

31. Further, at least two images of the Infringing Product on the awebabe.com website were lifted virtually whole cloth from Enesco's Gund.com website, complete with Gund's award seals:

Gund.com – with Award Seals       Awebabe.com – with Award Seals



Gund.com – Peek-A-Boo View       Awebabe.com – Peek-A-Boo View




32. Both Flappy the Elephant and the Infringing Product are rendered in seated positions with legs splayed. Both elephants have rounded heads with flappy ears and gray-colored fur.

33. In addition, the Infringing Product—just like Flappy the Elephant—incorporates a mechanism that raises and lowers the elephant's ears, lifting and lowering the ears to play "Do Your Ears Hang Low?" As with Flappy the Elephant, the Infringing Product's mechanism is triggered by pressing a "play" button embedded in the elephant's left foot or a "sing" button embedded in the elephant's right foot.

34. On information and belief, Defendant Les Bebe also sold the same Infringing Product on its website, www.lesbebe.com, at the following URL: https://www.lesbebe.com/collections/plush-toys/products/limited-peek-a-boo-friend.

35. The Infringing Products individual features and its overall configuration render Defendants' toy substantially similar to Plaintiff's copyright-protected Flappy the Elephant.

36. On information and belief, Defendants had knowledge of and access to Flappy the Elephant prior to designing, creating, manufacturing, coursing, and/or importing the Infringing Product.

37. On further information and belief, Defendants knowingly and willfully designed the Infringing Product (or directed the Infringing Product to be designed) to be substantially similar to the Flappy the Elephant.

38. Alternatively, on further information and belief, Defendants knowingly and willfully sourced, imported, and/or otherwise acquired the Infringing Product due to its substantial similarity to the Flappy the Elephant.

39. The Infringing Product's mimicry of not just Flappy the Elephant's configuration, but its' recorded voice as well, illustrates Defendants' prior knowledge and intentional, wholesale copying of Flappy the Elephant.

40. Accordingly, Defendants' development, reproduction, importation, distribution, advertising, marketing, sale, and offering for sale of the Infringing Products infringes upon Plaintiff's valuable, exclusive copyright.

41. On information and belief, Defendants promoted, advertised, marketed, sold, offered for sale, and shipped the Infringing Product to consumers in this judicial district long after the Flappy the Elephant Copyright was issued.

42. On further information and belief, Defendants fulfilled orders for the Infringing Product sold via one or more platforms operated by third-party retailers, including, without limitation, AliExpress.com.

43. On August 17, 2017, Plaintiff's counsel sent a letter to Awebabe, attention to Desmond Smith, notifying Awebabe of Plaintiff's valuable and exclusive rights in Flappy the Elephant, and alerting Defendants that their sale, production, distribution, and promotion of the Infringing Product constitutes copyright infringement. Plaintiff's letter further requested that Defendants confirm that they would agree to cease promoting, displaying, distributing, offering for sale, and selling the Infringing Product no later than September 1, 2017. A copy of Plaintiff's August 17 letter is attached as <u>Exhibit G</u>.

44. On August 31, 2017, Plaintiff's counsel received a response to its August 17 letter from counsel for Awebabe, requesting an additional two weeks to respond to the August 17 letter. Plaintiff's counsel granted said request.

45. On September 12, 2017, Plaintiff's counsel received a more substantive response to its August 17 letter from counsel for Awebabe. Awebabe's counsel informed us that Defendants removed the Infringing Products from their websites as a sign of their good faith intent. In addition, Awebabe's counsel asked that her client have one month "to insure that all

Flappy the Elephants have been removed for sale from Awebabe's webpages" and whether Enesco had an interest in doing business with Defendants. A copy of Defendants' September 12 letter is attached as Exhibit H.

46. After receipt of Defendants' September 12 letter that asserted that Defendants' removed the Infringing Products from their webpages, on September 13, Plaintiff's counsel found the Infringing Products being sold on Defendants' websites at the following URLs:

- https://www.awebabe.com/products/limited-addition-peek-a-boo-pal
- https://www.awebabe.com/products/limited-edition-peek-a-boo-christmas-elephant
- https://www.awebabe.com/products/peek-a-boo-pal-pink
- https://www.awebabe.com/products/limited-edition-peek-a-boo-pal
- https://www.lesbebe.com/collections/plush-toys/products/limited-peek-a-boo-friend

47. On September 14, 2017, Plaintiff's counsel informed Defendants' counsel of the Infringing Products that remained on Awebabe's website and Les Bebe's website. Plaintiffs' counsel also requested information and documents regarding Defendants' sale of the Infringing Products and Defendants' supplier of the Infringing Products.

48. On October 24, 2017, over a month since Defendants' counsel asked for additional time for her client to remove the Infringing Products, Plaintiff's counsel discovered that the Infringing Product was still available on Defendants' website, www.lesbebe.com and alerted Defendants' counsel. After failing to respond to Plaintiff's counsel's email, Plaintiff's counsel sent a follow up on October 31, 2017. On November 1, 2017, Defendants' counsel confirmed that the webpage relating to the sale of the Infringing Products was taken down. However, no sales information was provided to Plaintiff's counsel. Plaintiff's counsel continued

to follow up in connection with Defendants' sales information and to date no information has been provided.

49. Consumers that encounter Plaintiff's genuine Flappy the Elephant and the Infringing Product are likely to discern a substantial similarity between the Flappy the Elephant and the Infringing Product.

50. Defendants' acts have caused and continue to cause Plaintiff to suffer irreparable injury to its business. Plaintiff has suffered and will continue to suffer substantial loss of goodwill and reputation unless and until Defendants are preliminarily and permanently enjoined from their infringement as set forth herein.

## COUNT I

### Copyright Infringement in Violation of 17 U.S.C. §§ 106, 501

51. Plaintiff repeats and realleges paragraphs 1 through 51 of its Complaint as if fully set forth herein.

52. The Flappy Copyright is valid, subsisting, and in full force and effect.

53. Plaintiff has not licensed or otherwise granted permission to Defendants to use, reproduce, display, and or create derivative works of the design of Flappy the Elephant, as protected by the Flappy Copyright.

54. Without Plaintiff's permission, but with actual and constructive knowledge of Enesco's rights in Flappy the Elephant, Defendants improperly and unlawfully copied, reproduced, created derivative works of, adapted, displayed, marketed, sold, and/or distributed the Infringing Product, in violation of Plaintiff's Flappy Copyright.

55. Accordingly, Defendants infringed the Flappy Copyright with knowledge of and/or reckless disregard for Plaintiff's rights, as Defendants knew or should have known that their actions constituted infringement of Plaintiff's rights.

56. As a direct and proximate result of such infringement, Defendant have derived and received gains, profits, and advantages in an amount yet to be determined.

57. Pursuant to 17 U.S.C. § 504, Plaintiff is entitled to actual damages and any additional profits attributable to Defendants' infringing acts.

58. Pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to elect to recover an award of statutory damages in an amount up to $150,000 as a result of Defendants' knowing, willful, and intentional reproduction, distribution, display, and sale of the Infringing Product after the issuance of the Flappy Copyright.

59. Pursuant to 17 U.S.C. § 505, Plaintiff is entitled to its full costs of the action, including reasonable attorneys' fees.

60. Due to Defendants' infringing acts, Plaintiff has suffered significant and irreparable injury for which Plaintiff has no adequate remedy at law.

61. Unless enjoined by this Court, Defendants' infringement is likely to continue unabated, causing further irreparable injury to Plaintiff.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Enesco, LLC prays for entry of:

1) A **FINAL JUDGMENT** that Defendants willfully infringed Plaintiff's Flappy Copyright in violation of 17 U.S.C. §§ 106 and 501;

2) An **ORDER** enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, members, parents, subsidiaries, and all those acting in concert or participation therewith, preliminarily during the pendency of this action, and permanently thereafter, from designing, importing, distributing, promoting, displaying, offering for sale, and selling the Infringing Product;

3) An **ORDER** enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, members, parents, subsidiaries, and all those acting in concert or participation therewith, preliminarily during the pendency of this action, and permanently thereafter, from infringing the Flappy Copyright;

4) A further **ORDER**

    (a) requiring Defendants to account for all gains, profits, and advantages derived and accrued as a result of their infringement of the Flappy Copyright;

    (b) assessing to Plaintiff an award of its actual damages, trebled, as well as all profits Defendants have derived from infringing the Flappy Copyright;

    (c) assessing to Plaintiff an award of statutory damages in the amount of $150,000 due to Defendants' willful infringement of the Flappy Copyright;

    (d) awarding to Plaintiff its attorneys' fees, expenses, and costs incurred in connection with this action as provided by 17 U.S.C. § 505; and

  (e)  assessing such other and further relief as the Court may deem just and proper.

Dated: New York, New York  GOTTLIEB, RACKMAN & REISMAN, P.C.
   December 22, 2017

           By: /s/Robert P. Feinland
              Marc P. Misthal, Esq. (MM 6636)
              mmisthal@grr.com
              Robert P. Feinland, Esq. (RF 0661)
              rfeinland@grr.com
              270 Madison Avenue
              New York, New York 10016
              Phone: (212) 684-3900
              Fax: (212) 684-3999

              *Attorneys for Plaintiff Enesco, LLC.*

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Enesco demands a trial by jury on all facts so triable.

Dated: New York, New York  GOTTLIEB, RACKMAN & REISMAN, P.C.
December 22, 2017

By: /s/Robert P. Feinland
Marc P. Misthal, Esq. (MM 6636)
mmisthal@grr.com
Robert P. Feinland, Esq. (RF 0661)
rfeinland@grr.com
270 Madison Avenue
New York, New York 10016
Phone: (212) 684-3900
Fax: (212) 684-3999

*Attorneys for Plaintiff Enesco, LLC.*